Concurring Opinion.
Fenner, J.
I concur in the decree herein exclusively on the ground that the plaintiff has entirely failed to establish any casual connection between the negligence of defendants and the injury complained of.
*394 Conceding that the railroad company was guilty of negligence in leaving the loose planks, which it had taken up from its crossing, lying upon the wagon road in kuch position and in such proximity torts track that passing wagons in the ordinary use of the road might have dragged or thrown the planks upon the track, and conceding-that if, as claimed by plaintiff, a passing carry-log, in going over the end of one of said planks, had dragged or tilted it so that one end of it was thrown upon tfie track, causing the accident, the defendant would have been liable — yet the plaintiff has entirely failed to prove the latter fact, and it is distinctly disproved by the testimony of two witnesses, Dawes and Crawford, corroborated by a third, Davis.
Dawes testifies that, the day before the accident, he crossed the. road with his wagon and found the planks lying across the road,, where they had been left by the employes of the railroad company; that they were an obstruction, and that, as he was going to return in the dark, that night, he removed the planks from the road and laid them in or along a ditch, placing them at a distance of six or eight feet from the wagon road.
Crawford states that, on the same day, he crossed the road and found the planks lying upon it, and, shortly afterward, met Dawes going toward the crossing; and that, when he returned the same day, he found the planks had been moved from the road, thus fully confirming Dawes’ statement.
Davis testifies that, after the accident, he went with Dawes, who showed him where he had placed the three planks, and found two of them still lying there, and a mark on the sand showing where the third had lain before it was removed.
These witnesses are entirely uncontradicted. Not a single person testifies to having seen the planks upon the road after the time when Dawes and Crawford state that they had been removed therefrom.
Porter, the driver of the carry-log, which passed over the crossing about one-half an hour before the accident, and who had the best opportunity of knowing whether or not the planks were then upon the road, was not summoned, though he lived hard by, and no suggestion is made of any inability to secure his testimony.
The negligence of the company in leaving the planks lying loose upon the wagon road was entirely cured by the act of Dawes in removing them before the accident and placing them in a position *395 where, according to all the evidence, they were free from any danger of being thrown on the track by the operation of any natural or ordinary causes. If the defendant had placed them there originally it would have been free from any charge of negligence.
How the plank got on the track is a mystery not solved by the evidence. The only theory advanced by plaintiff, viz: that a carry-log passing on the road crossed the plank and tilted it on to the track, is sustained by no evidence, and is contradicted and rendered impossible by the testimony above referred to.
Defendant was not required to account for the presence of the plank on its track, farther than to absolve itself from any connection therewith; but the record is not barren of evidence suggesting that it may have been placed there by the voluntary and malicious act of a third person or persons, for which, if it be true, the defendant certainly could not be held responsible.